**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 11-4119**

―――――――――

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TAHJI ANTONIO ELEY,

            Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:10-cr-00196-F-3)

―――――――――

Submitted:  November 17, 2011      Decided:  November 29, 2011

―――――――――

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

―――――――――

Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for
Appellant.  Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tahji Antonio Eley pled guilty, pursuant to a plea agreement, to conspiracy to commit robbery, in violation of 18 U.S.C. § 1951 (2006), using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Eley was sentenced to a 244-month term of imprisonment. Eley appealed. Following our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), Eley asserted he was improperly sentenced as a career offender, and he filed an unopposed motion to remand the case for resentencing. We affirm in part, vacate in part, and remand for further proceedings.

Based on his prior North Carolina convictions, the district court sentenced Eley as a career offender. However, it is now clear that one of his predicate convictions was not punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting minimum and maximum sentences applicable under North Carolina's structured sentencing scheme). When Eley argued in the district court that his convictions could not serve as predicate offenses for the purposes of career offender status, the argument was foreclosed by our decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). Subsequently, however, we overruled Harp with

2

our en banc decision in <u>Simmons</u>, in which we sustained a similar argument in favor of the defendant.

In view of our holding in <u>Simmons</u>, we vacate Eley's sentence and remand for further proceedings. Because we cannot determine from the record before us whether, in light of <u>Simmons</u>, Eley's § 922(g)(1) conviction is supported by a prior felony conviction, we vacate Eley's § 922(g)(1) conviction and remand for the district to make that determination. The district court shall reinstate the § 922(g) conviction in the event it concludes Eley has a qualifying prior felony conviction. We affirm Eley's remaining convictions and deny the motion to remand as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>